## Commonwealth ex rel. Robison v. Gregg

*Carmen Lamancusa,* for petitioner.

*W. Thomas Andrews,* District Attorney, for Commonwealth.

LYON, J., May 12, 1972.—This case is before the court upon relator's petition for a writ of habeas corpus. At the hearing which was held on May 10, 1972, the Commonwealth contended that relator was

properly confined by reason of Commonwealth exhibits 1, 2 and 3. However, exhibits 1 and 3 are merely communications of the Sheriff of Oconee County, Walhulla, S. C., to the Sheriff of Lawrence County, Pa., requesting apprehension and arrest of relator.

The Sheriff of Lawrence County acted perfectly reasonably in apprehending and arresting the relator. As the United States Supreme Court, in Whiteley v. Warden, 401 U.S. 560, 28 L.Ed. (2d) 306, 91 S. Ct. 1031 (1971), stated:

"Certainly police officers called upon to aid other officers in executing arrest warrants are entitled to assume that the officers requesting aid offered the magistrate the information requisite to support an independent judicial assessment of probable cause. Where, however, the contrary turns out to be true, an otherwise illegal arrest cannot be insulated from challenge by the decision of the instigating officer to rely on fellow officers to make the arrest."

Hence, we must examine the affidavit and arrest warrant, Commonwealth exhibit 2, to determine if the Sheriff of Oconee County, S. C., was possessed of probable cause to believe that relator committed a crime. The affidavit for the arrest warrant reads:

"PERSONALLY COMES *Martha McCall* before me, and on oath, deposes and says that he is informed, and verily believes, that at
in Oconee County, and in the State of South Carolina, on the 20th day of March, 1972, one Ronald Robinson (relator) did commit the offense of abduction in that he forced his wife (whom he is separated from) at gunpoint to leave with him against her will.

against the peace and dignity of the State aforesaid, and that
are Material Witnesses for the State to prove the same."

The affidavit clearly states that the affiant's information was hearsay, but it fails to indicate how the information was obtained or that the informant was credible. Hence, the affidavit on which the arrest warrant issued could not support a finding of probable cause by the issuing magistrate, and the arresting officer was not, of himself, possessed of any factual data tending to corroborate the affiant's information that the relator had committed the crime. The standards applicable to the factual basis supporting an officer's probable cause assessment at the time of an arrest are, at least, as stringent as the standards applied with respect to a magistrate's assessment as a prelude to issuing an arrest or search warrant: Whiteley v. Warden, supra.

Since the facts alleged in the affidavit for the arrest warrant were insufficient under the standards of Whiteley to show that relator had committed the crime, it is plain that relator was subjected to an illegal arrest and that he is presently illegally detained.

### ORDER OF COURT

And now, May 12, 1972, it is ordered, adjudged and decreed that the relator be discharged.